IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
UNITED STATES OF AMERICA    *
                            *
    v.                      *        CR 119-006-01
                            *
DONNIE JAY HORTON, JR.      *
```

**O R D E R**

On May 28, 2021, Defendant Donnie Jay Horton, Jr., filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) claiming to have a medical condition that makes him a more serious health risk in the present circumstances of the COVID-19 pandemic. The Government opposes the motion.

The "compassionate release" provision of § 3582(c)(1)(A) provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. In consideration of a compassionate release motion, the Court must follow the applicable Policy Statement issued by the United States Sentencing Commission, U.S.S.G. § 1B1.13. See 18 U.S.C. § 3582(c)(1)(A); United States v. Bryant, 996 F.3d 1243, 1262 (11th Cir. 2021) ("[D]istrict courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13."). Section 1B1.13 provides that in addition to the

existence of extraordinary and compelling reasons, the defendant must not present a danger to the safety of any other person or the community. The Application Note to the Policy Statement lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. U.S.S.G. § 1B1.13 n.1(A)-(C). The Application Note also provides a catch-all category: "<u>As determined by the Director of the Bureau of Prisons</u>, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. <u>Id.</u> n.1(D) (emphasis added). Because the Court has no indication that the BOP Director sanctions Defendant's release, this category is inapplicable.[1]

Defendant's motion discussing his medical condition implicates the first category. The Sentencing Commission has clarified that a "serious physical or medical condition" "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G.

---

[1] Defendant insists in brief that this Court has discretion to consider circumstances outside of the Policy Statement and that Section 1B1.13 is "merely advisory." (Def.'s Reply Br., Doc. No. 55, at 6 (quoted source omitted).) The Eleventh Circuit, however, has squarely foreclosed this argument in <u>Bryant</u>, *supra*, to which this Court is bound.

2

§ 1B1.13, n.1(A)(ii). In this case, Defendant submits that his hypertension and obesity, in conjunction with COVID-19 should he contract it, satisfy these criteria.

The Centers for Disease Control and Prevention ("CDC") lists certain medical conditions, including obesity, as risk factors that can make a person "more likely to get severely ill from COVID-19." See Centers for Disease Control, *Medical Conditions*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on July 12, 2021). The CDC states that hypertension only "possibly" creates a significant risk. See id. Defendant's other health conditions of neuropathy and depression are not listed. Defendant in fact contracted COVID-19 in June 2020 from which it appears he has completely recovered. (See Gov't Resp. in Opp'n, Doc. No. 52, Ex. C at 1, 116, 125-31 (noting that Defendant has no signs or symptoms of the virus).) Moreover, his medical records do not show that his bout with COVID-19 approached the level of seriousness § 1B1.13 requires.[2] Importantly, Defendant was fully vaccinated against COVID-19 in January 2021. (See id. at 132.) And while Defendant discounts the vaccination as unproven and potentially ineffective against a COVID-19 variant, the Court is

---

[2] Defendant has the burden of demonstrating his circumstances warrant compassionate release. See United States v. Granda, --- F. App'x ---, 2021 WL 1246252, at *3 (11th Cir. Apr. 5, 2021). Defendant has not carried this burden.

3

satisfied that vaccination significantly reduces Defendant's risk of exposure to a minimum. Finally, the Court has considered the BOP's response to the COVID-19 pandemic generally and the status within Defendant's facility in particular, where there are only 2 inmates and 4 staff members with active cases of COVID-19. See www.bop.gov/coronavirus (last visited on July 12, 2021). Based upon this record, the Court readily concludes that Defendant's obesity and hypertension, both of which are fairly common, do not uniquely position him to be so adversely affected by COVID-19 that his release is warranted. Accord United States v. Harris, 989 F.3d 908, 912 (11th Cir. 2021) (affirming the district court's conclusion that defendant's hypertension was not extraordinary and compelling).

Further, the Eleventh Circuit requires consideration of the sentencing factors of 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. United States v. Cook, 998 F.3d 1180, 1183-84 (11th Cir. 2021) (citing 18 U.S.C. § 3582(c)(1)(A)). In Defendant's case, there is little question that these factors disfavor a sentence reduction. More specifically, the nature and circumstances of Defendant's offense are quite serious. Defendant was convicted of a lesser included offense of possession with intent to distribute methamphetamine and possession of firearms by a prohibited person. Defendant's criminal history category of III also weighs against his release. Additionally, Defendant has not

4

yet served even half of his sentence; he was sentenced in 2019 to 135 months and is not due to be released for another seven years. Thus, an immediate release would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence.

In conclusion, even if Defendant's medical condition constitutes an extraordinary and compelling circumstance, which it does not, the Court will not exercise its discretion to release Defendant under the compassionate release provision. Accord United States v. Butler, 2021 WL 1923788 (11th Cir. May 13, 2021) (affirming district court's denial of compassionate release based upon § 3553 factors where defendant suffered from Type 2 diabetes, hypertension, arthritis, neuropathy and obesity).

Upon the foregoing, Defendant Horton's motion for compassionate release (doc. no. 48) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 13th day of July, 2021.

_____
UNITED STATES DISTRICT JUDGE